UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES A. DICKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MEGAN E. MILLER, et al.,<br><br>    Defendants. | Case No. 3:15-cv-00238<br><br>Chief Judge Hood<br>Magistrate Judge Newbern |

To:    The Honorable Denise P. Hood, Visiting District Judge

**REPORT AND RECOMMENDATION**

By order entered March 23, 2015, the District Court referred this prisoner civil rights action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for report and recommendation on all dispositive motions. (Doc. No. 4.) This case has been pending on the Court's docket with no action taken by Plaintiff Charles A. Dickerson since he filed his complaint and application to proceed *in forma pauperis* on March 12, 2015. (*See* Doc. Nos. 1, 2.) Defendants Megan E. Miller, Jennifer Boyer, Robert Mosley, and Roland Colson have not been served and have not appeared. On October 20, 2017, the undersigned ordered Dickerson to show cause within thirty days why his case should not be dismissed for failure to prosecute and notified him that any failure to respond could result in a recommendation that his case be dismissed. (Doc. No. 8.) Dickerson has not responded to the Court's order. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute under to Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

**I.   Factual and Procedural Background**

When he filed this lawsuit, Dickerson was an inmate at the Northeast Correctional Complex (NECX) in Mountain City, Tennessee. (Doc. No. 1, PageID# 1.) His claims, however, stem from his placement in administrative segregation while he was incarcerated at the River Bend Maximum Security Institution (RMSI) in Nashville, Tennessee. (*Id.* at PageID# 58.) Dickerson alleges that, on July 19, 2012, he was "pulled out of his cell" at RMSI to appear in an administrative segregation placement hearing in which Defendants Megan Miller and Jennifer Boyer functioned as "Board Members" and Defendant Robert Mosley acted as "disciplinary chair person." (*Id.* at PageID# 59.) Dickerson states that the reason for the segregation hearing was a "Confidential Informant received from internal affairs" and a related order from Defendant Roland Colson to place Dickerson in segregation "[by] any means necessary." (*Id.* at PageID# 59–61.) Mosley, Boyer, and Miller approved Dickerson's placement in segregation on July 19, 2012. (*Id.* at PageID# 61.)

Dickerson alleges that he received no notice of the hearing or the reasons why he was a candidate for segregation and that he was therefore deprived of an opportunity "to refute any alleged allegations against [him]." (*Id.* at 60.) Dickerson claims that the defendants violated prison policies and his rights under the Due Process Clause of the 14th Amendment. (*Id.* at PageID# 66–67.) He seeks $8,000.00 in compensatory damages and $7,000.00 in punitive damages from each defendant. (*Id.* at PageID# 71.)

On March 23, 2015, after screening this action under the Prison Litigation Reform Act, the Court granted Dickerson's application to proceed *in forma pauperis* and instructed the Clerk to send Dickerson a service packet for each remaining defendant. (Doc. No. 4, PageID# 87.) The Court ordered Dickerson to complete the service packets and return them to the Clerk's Office

within thirty days of receiving the order. (*Id.* at PageID# 86–88.) The Court warned Dickerson "that the failure to return the service packets within the time required could jeopardize his prosecution of this action," as could the failure to "keep the Clerk's Office informed of his current address at all times." (*Id.* at PageID# 87–88.) The Court also notified Dickerson that he could "request additional time for complying with [the] order if necessary." (*Id.* at PageID# 88.)

On October 10, 2017, because Dickerson never returned completed service packets and had taken no other action in this lawsuit since he filed his complaint, the Court ordered him to show cause within thirty days why his action should not be dismissed for failure to prosecute. (Doc. No. 8, PageID# 92.) Dickerson was advised that "[a]ny failure to respond may be construed as [his] agreement that he has failed to prosecute this action and may result in the recommendation that the case be dismissed with prejudice." (*Id.*) The October 10, 2017 order was returned undelivered on November 3, 2017 and indicated that Dickerson is no longer housed at NECX. (Doc. No. 9.) Dickerson has provided no change of address to the Court.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the courts' power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal.") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of

3

"a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**III.    Analysis**

Dickerson's failure to take any action after filing his complaint more than two years ago despite being warned of the consequences of failing to act warrants dismissal of this action under Rule 41(b) and also Local Rule 41.01. Although there is no evidence that Dickerson's failure to prosecute this action was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *See Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb.

4

8, 2017). Dickerson received the Court's March 23, 2015 order instructing him to complete service packets for Miller, Boyer, Mosley, and Colson (Doc. No. 5), but never did so. He then failed to respond to the October 10, 2017 show cause order. Each of those orders warned Dickerson that a failure to respond could lead to dismissal of his lawsuit. (Doc. No. 4, PageID# 77–78; Doc. No. 8, PageID# 92.) That Dickerson did not receive a service copy of the show cause order does not mitigate in his favor. He was warned that his claims would be jeopardized if he did not keep the Clerk's Office informed of his current address. (Doc. No. 4, PageID# 88.)

With respect to the last factor, the "less-drastic" sanction of dismissal without prejudice is available, and the undersigned finds it appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal."). This Court's Local Rules strike the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01. Taking all of these factors into account, the undersigned finds that dismissal without prejudice is the appropriate disposition of this action.

**IV. Recommendation**

In light of the lack of activity in this case since March 2015, the undersigned RECOMMENDS that it be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 20th day of February, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge